UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL LEE AMBROSE,

        Petitioner,

v.                                                     Case Number 08-12502
                                                          Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REMAINING MOTIONS AS MOOT, AND DENYING A CERTIFICATE OF APPEALABILITY AND AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*__**

      Petitioner Samuel Lee Ambrose, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) Respondent did not file an answer but rather filed a motion for summary judgment, arguing that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1). (Dkt. # 9.) Petitioner filed a reply to Respondent's motion on January 15, 2009, along with a motion to appoint counsel. (Dkt. ## 10 and 11.)

      For the reasons stated below, the Court will **GRANT** Respondent's motion for summary judgment. As a result, the Court will also **DENY** Petitioner's motions seeking various relief as moot. Additionally, the Court will **DENY** a certificate of appealability and an application for leave to proceed on appeal in forma pauperis.

I

**A.  Substantive Facts**

In November 1979, Petitioner was convicted by a jury in Detroit, Michigan, Recorder's Court, of second-degree murder, MICH. COMP. LAWS § 750.317.  The case stemmed from an incident which occurred in front of a Detroit bar in the early morning hours on April 7, 1979.

The victim in this case was allegedly beaten by Petitioner and subsequently died in the hospital fifteen days later.  Testimony from four eyewitnesses indicated that, after observing the victim for a matter of minutes outside the bar, Petitioner began to assault him.  The medical examiner concluded that death was caused by multiple blunt injuries to the left side of the neck and left side of the head, with contusions of the brain and bleeding.

Petitioner's theory of the case was that he had acted in self-defense.  According to his testimony, the victim had previously robbed him at gunpoint and on the night of the beating he was fearful of being robbed at gunpoint again.  Petitioner claimed that he knew that the victim was a heroin addict.  Petitioner was sentenced to life imprisonment on December 7, 1979.

B

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (1) jury instructional errors, and, (2) evidentiary errors.  The Michigan Court of Appeals issued an opinion affirming Petitioner's convictions and sentence.  *People v. Ambrose*, No. 49968 (Mich.Ct.App. Sept. 29, 1981) (Riley, J., dissenting) (unpublished).

Petitioner then filed a delayed application for leave to appeal from that decision in the Michigan Supreme Court, raising the same claims as raised in the court of appeals.  The Michigan Supreme Court denied Petitioner's application on May 17, 1983.  *People v. Ambrose*, No. 69098

(Mich. May 17, 1983).

Subsequently, Petitioner filed a petition for writ of habeas corpus in the state court, which was denied on April 23, 1987. *In re Samuel Ambrose*, No. 87-44400-AH (Jackson County Circuit Court, Apr. 23, 1987). Thereafter, Petitioner filed a complaint for habeas corpus in the Michigan Court of Appeals, which was dismissed for lack of merit in the grounds presented. *Ambrose v. Jackson Prison Warden*, No. 100550 (Mich.Ct.App. Aug. 26, 1987). Then, Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, which was denied. *Ambrose v. Jackson Prison Warden*, No. 81735 (Mich. Feb. 29, 1988). On May 31, 1988, the Michigan Supreme Court also denied Petitioner's motion for reconsideration.

Approximately eight years later, Petitioner filed a motion for relief from judgment with the Third Judicial Circuit Court, which was denied on September 3, 1996. *People v. Ambrose*, No. 79-002765-01 (Michigan's Third Judicial Circuit Court, Sept. 3, 1996). Petitioner filed an application for leave to appeal that decision in the Michigan Court of Appeals, which was dismissed "for failure to pursue the case in conformity with the rules." *Ambrose v. Recorder's Court Judge*, No. 198854 (Mich.Ct.App. Nov. 4, 1997). Petitioner filed a delayed application for leave to appeal that decision in the Michigan Supreme Court, which was also denied. *Ambrose v. Recorder's Court Judge*, No. 110990 (Mich. Oct. 26, 1998).

Eight years later, Petitioner filed another motion for relief from judgment, which was denied on January 26, 2006. *People v. Ambrose*, No. 79-02765 (Third Judicial Circuit Court, Jan. 26, 2006). Petitioner filed a delayed application for leave to appeal that decision in the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Ambrose*, No. 275571 (Mich.Ct.App. June 18, 2007). Petitioner

then filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied on December 28, 2007. *People v. Ambrose*, 480 Mich. 1005, 742 N.W.2d 368 (2007). His motion for reconsideration from that decision was denied on March 24, 2008. *People v. Ambrose*, 480 Mich 1140, 745 N.W.2d 795 (2008).

On June 11, 2008, Petitioner filed a petition for a writ of habeas corpus, in this Court, raising twelve issues. Petitioner's petition was signed and dated May 17, 2008.

II

Respondent contends that thes petition should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas-corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas-corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). A one-year statute of limitations begins to run the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. 28 U.S.C. § 2244(d)(2) A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

The one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Here, Petitioner was convicted and sentenced prior to the enactment of the AEDPA. Where a newly enacted statute of limitations shortens the time for filing suit, a party against whom the

limitations period has already run must be given a reasonable time to file suit. *Ochoa v. Hernandez*, 230 U.S. 139 (1912). The Sixth Circuit has held that it is reasonable to allow such a litigant the benefit of a one-year grace period. *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999).

Against that backdrop, Petitioner's habeas claims became subject to the AEDPA on April 24, 1996, when the Act was signed into law. Therefore, Petitioner had one year from April 24, 1996, or until April 24, 1997, to file his habeas petition.

### III

### A

In this case, Petitioner did not file his application for a writ of habeas corpus within the statute of limitations. Petitioner filed a motion for relief from judgment in 1998, after the Michigan Supreme Court's Order, dated October 26, 1998, which denied his motion for a writ of superintending control but allowed him to file one motion for relief from judgment–"[u]nder MCR 6.502(G)(1), a criminal defendant may file one motion for relief from judgment after August 1, 1995, notwithstanding the defendant's having filed one or more such motions before that date." *Ambrose*, No. 110990 at 1. However, by that date, the limitations period for purposes of habeas review had expired.

Petitioner never filed another motion for relief from judgment until 2006, where he argued that he had newly discovered evidence. The state court rejected Petitioner's argument. Nevertheless, Petitioner's 1998 and 2006 motions for relief from judgment did not act to commence the limitations period. *Payton v. Brigano*, 226 F.3d 405, 408 (6th Cir. 2001). Petitioner signed his petition on May 17, 2008, eight years after the expiration of the one-year statute of limitations. Consequently, Petitioner is barred from habeas relief by the untimely filing of his petition.

In his reply brief, it appears that Petitioner concedes that his habeas petition is untimely but he nevertheless argues that equitable tolling should apply to his case. The Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The *Dunlap* Court has cautioned, however, "that equitable tolling relief should only be granted sparingly." *Dunlap*, 250 F.3d at 1008. The decision whether to equitably toll a period of limitations is decided on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Petitioner has not demonstrated, legally or factually, why equitable tolling should apply. Rather, Petitioner seems to argue that, even if his petition for a writ of habeas corpus was untimely, he should be entitled to equitable tolling because the State created an impediment to his filing a properly filed motion for relief from judgment. However, Petitioner concedes that the impediment

was ultimately removed. Thus, it is Petitioner's position that his 1998 motion for relief from judgment should be regarded as properly filed. Petitioner's argument is unpersuasive; Petitioner is simply re-arguing the issues raised in his habeas petition.

B

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As the *Souter* Court explained, a petitioner, in order to support a claim of actual innocence in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Souter,* 395 F.3d at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of his actual innocence. Here, the Court finds that Petitioner has not presented any new evidence that would raise sufficient doubt about his guilt or that would undermine confidence in the result of his trial. The Court therefore finds that equitable tolling is not warranted. Petitioner's petition for writ of habeas corpus was not timely filed and is therefore dismissed.

Additionally, because the Court finds that Petitioner's petition was untimely, Petitioner's motions to appoint counsel, for oral argument, for evidentiary hearings, and summary judgment are

moot.

C

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh*, 521 U.S. 320. In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Petitioner's petition, and no certificate of appealability is therefore warranted. Nor should Petitioner be granted leave to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a).

IV

Accordingly, it is **ORDERED** that Respondent's "Motion for Summary Judgment" [Dkt. # 9] is **GRANTED**, and Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that Petitioner's motions for appointment of counsel for oral argument, for evidentiary hearings, and summary judgment [Dkt. # 10, 12, 13, 15, 18] are **DENIED** as moot.

It is further **ORDERED** that a certificate of appealability and an application for leave to appeal in forma pauperis are **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: June 30, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---