UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

                        Petitioner,

v.                                                                  Case Number 08-12502
                                                                   Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

                        Respondent.
_____/

## ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION

About thirty-four years ago, Petitioner Samuel Ambrose gravely injured Kenneth Brown outside a Detroit bar. After Mr. Brown died from his injuries, Petitioner was charged with second-degree murder.

Sometime later, evidence in the record suggests, the prosecution offered a plea agreement to Petitioner's counsel: if Petitioner agreed to plead guilty to a charge of manslaughter, the prosecution would agree to a sentence of five to fifteen years imprisonment.[1] Petitioner asserts that his counsel did not communicate this plea offer to Petitioner. If counsel had, Petitioner further asserts, he would have taken the offer.

Consequently, Petitioner went on trial for Mr. Brown's murder in Michigan state court in November 1979. Petitioner's theory of the case was that he acted in self-defense. He asserted that Mr. Brown had previously robbed Petitioner at gunpoint, started the altercation that night, and that Petitioner was merely defending himself. The prosecution's theory was that Petitioner

---

[1] Petitioner supports his allegation that this happened by attaching a document titled "re-pretrial notice" to his habeas petition and a letter from the judge who interlineated "manslaughter 5–15" on the face of the notice. 2254 Petition App. G, ECF No. 2. The "re-pretrial notice" is addressed to Petitioner's counsel, not Petitioner, and instructs: "The defense attorney upon receipt of this re-pretrial notice must: (a) notify defendant personally by certified mail; or (b) notify the bondsman if defendant is on surety bond." *Id*. The trial judge would later write of the interlineation: "I have no recollection of this case, and the writing appears to be mine." *Id*.

acted out of anger, not self-defense, and brutally beat Mr. Brown to death. The jury found Petitioner guilty of second-degree murder. It was Petitioner's first conviction. The judge sentenced Petitioner to life imprisonment without the possibility of parole.

For the next twenty-nine years, Petitioner challenged his confinement in Michigan state courts. Among his claims was one asserting that counsel was ineffective for not communicating the plea offer to Petitioner. He exhausted his state remedies in March 2008.

In June 2008, Petitioner filed a pro se petition for writ of habeas corpus in this Court. Among his claims, Petitioner again raised a claim of ineffective assistance of counsel based on his counsel not communicating the plea offer to Petitioner.

Petitioner also filed a motion for an evidentiary hearing (ECF No. 42) and a motion for appointment of counsel (ECF No. 43). This Court granted the motions for an evidentiary hearing and appointment of counsel because Petitioner has made a colorable, but fact-intensive, ineffective assistance of counsel claim. *Ambrose v. Romanowski*, 08-12502, 2012 WL 2524988 (E.D. Mich. June 29, 2012).

Respondent now moves for reconsideration of the decision granting Petitioner an evidentiary hearing. ECF No. 47.

I

A motion for reconsideration will be granted only if the moving party identifies "a palpable defect by which the court and the parties . . . were misled" and demonstrates that correcting the defect "will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981–82 (E.D. Mich. 2010) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)), *aff'd sub nom. Scozzari v.*

*Miedzianowski*, 454 F. App'x 455 (6th Cir. 2012). In general, "the court will not grant motions for reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

## II

Respondent first asserts that "this Court's reliance on *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), is misplaced." Resp't's Mot. for Reconsideration 3. Respondent elaborates: "In both *Cooper* and *Frye* it was undisputed that a plea was offered, whereas, here, Petitioner has failed to present any conclusive evidence that the prosecutor offered a plea at all." *Id*.

Respondent is correct that Petitioner has not yet produced "conclusive evidence" of a plea offer. But nothing in either *Frye* or *Lafler* requires "conclusive evidence" for the Court to order an evidentiary hearing on the question. On the contrary, if Petitioner had already produced "conclusive evidence," an evidentiary hearing would have no point. The issue would have been proven. Conclusively.

And while Respondent disputes that a formal plea offer was made, Petitioner has produced some evidence that it was. Specifically, he has produced the "re-pretrial notice" on which "manslaughter 5–15" is interlineated. He has also produced the trial judge's acknowledgement that "the writing appears to be mine." And he has produced his own assertion that his counsel did not disclose this plea offer to him. Petitioner alleges that his "former attorney Oliver Nelson had been conveyed a prosecutors' plea offer to a manslaughter conviction and sentence 5–15 yrs., but was appointed a Juvenile Referee and suffered a heart attack shortly before the trial. Defense counsel Richard Nelson was appointed to replace attorney Oliver Nelson and failed to disclose prosecutor Robert Pearl's plea offer [to Petitioner]."

In *Frye*, the Court wrote that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution." 132 S. Ct. at 1408. Here, there is a genuine dispute of fact over whether Petitioner's counsel violated this rule. An evidentiary hearing is appropriate.

Against this conclusion, Respondent next asserts that Petitioner is not entitled to such a hearing because he "has not demonstrated the requisite diligence." Resp't's Mot. 5.

Again, Respondent has not demonstrated a palpable defect in the Court's order. Under 28 U.S.C. § 2254(e)(2), a habeas petitioner seeking "to develop the factual basis of a claim in State court proceedings" is entitled to an evidentiary hearing if he demonstrates that the factual predicate for his claim "could not have been previously discovered through the exercise of due diligence." Interpreting this provision, the Supreme Court cautions:

> The question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts. . . . Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court.

*Williams v. Taylor*, 529 U.S. 420, 435 (2000); *cf. Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (concluding that a petitioner exercised the necessary diligence because he requested evidentiary hearing in state court both "in his petition for post-conviction relief and then in his motion for delayed reconsideration").

Diligence in this context, however, is complicated by the fact that gravamen of Petitioner's complaint is that he didn't know about the plea offer because he wasn't told of it. It is not clear from the present record when the alleged plea offer became known to Petitioner. What is known, counsel for Petitioner cogently observes, is that at some point Petitioner did learn of it, and then, "acting without counsel, pursued the instant issue by obtaining court records

and even contacting the trial judge to authenticate the key document (re-pretrial notice). Petitioner pursued state postconviction proceedings after direct appeal (by filing a motion for relief from judgment). He even requested an evidentiary hearing in state court but was never granted one." Pet'r's Resp. 3.

Under the circumstances, the Court concludes that Petitioner "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435. Because Petitioner exercised the necessary diligence in attempting to establish the factual basis for his claim in state court, he is not precluded from an evidentiary hearing in this Court.

Finally, Respondent asserts that Petitioner is not entitled to an evidentiary hearing because "Petitioner has not shown that his tenuous facts — merely consisting of his own conclusory statements — if fully developed, would support his habeas claims." Resp't's Mot. 8.

As discussed above, Petitioner's assertion does not rely simply on "his own conclusory statements." It relies on the re-pretrial notice. And the trial judge's authentication of his handwriting on that notice. If fully developed, these facts may well support Petitioner's ineffective assistance of counsel claim.

### III

Accordingly, it is **ORDERED** that Respondent's motion for reconsideration (ECF No. 47) is **DENIED**.

Dated: February 1, 2013

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS