UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

        Petitioner,                  Case No. 08-cv-12502

v                                                Honorable Thomas L. Ludington
                                                Magistrate Judge Charles E. Binder

KENNETH ROMANOWSKI,

        Respondent.

_____/

**ORDER REJECTING REPORT AND RECOMMENDATION, SUSTAINING IN PART AND OVERRULING IN PART RESPONDENT'S OBJECTIONS, AND DENYING CLAIM 11 OF PETITIONER'S PETITION FOR HABEAS CORPUS**

Samuel Ambrose seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ambrose challenges his conviction for second-degree murder, asserting twelve claims for relief. Claim 11 alleges that his trial counsel failed to inform him of an offer for a plea agreement that would have limited his sentence to 5-15 years if Ambrose pleaded guilty to manslaughter.

After conducting an evidentiary hearing on Claim 11 only, the magistrate judge recommended granting Ambrose's petition for habeas corpus. Because Ambrose has not shown he is entitled to relief under AEDPA's deferential standard, the magistrate judge's report and recommendation will be rejected, and Ambrose's petition for habeas corpus with respect to Claim 11 only will be denied.

**I**

On April 17, 1979, Ambrose injured a man named Kenneth Brown outside a Detroit bar. ECF No. 67 at 1. After Brown died from his injuries, Ambrose was charged with second-degree

murder. Ambrose was convicted after a jury trial in the Recorders Court of the City of Detroit, and the Recorder's Court Judge sentenced Ambrose to life without parole.

According to Ambrose, before trial the prosecution offered him a plea agreement, which his trial counsel failed to communicate to him: "Petitioner later failed to secure the plea agreement of 5 years minimum to 15 years maximum to the reduced charge of manslaughter." ECF No. 1 at 57. To support his claim that the prosecution had offered him a plea agreement, Ambrose located a notation Judge Samuel Gardner made on the "Re-pretrial Notice." Near the top of the re-pretrial notice, Judge Gardner had written "manslaughter" and "5-15 yrs." ECF No. 2 at 37. Ambrose believes that the judge was summarizing an offer by the prosecutor, and Ambrose claims that he would have accepted the offer to plead to manslaughter if his trial counsel had informed him of the offer. This alleged failure to communicate the plea offer constitutes the primary focus of Ambrose's appeals.

**A**

Following his conviction, Ambrose began a lengthy and aggressive appeals process in the Michigan state courts. Ambrose's conviction was upheld by both the Michigan Court of Appeals and the Michigan Supreme Court in 1981 and 1983, respectively. In 1994, Ambrose's motion for relief from judgment was denied by the Recorders Court.

Ambrose then began his attempts to appeal his conviction based on ineffective assistance of counsel. In 1996, Ambrose filed three motions for relief from judgment, arguing that his trial counsel failed to communicate a plea offer. He also filed a motion for new trial based on the same grounds, which the Recorders Court Judge denied on September 3, 1996.[1]

---

[1] In response to the Recorders Court Judge's denial, Petitioner filed a motion for reconsideration, an appeal of the denial, and two motions for superintending control with the Michigan Supreme Court of Appeals. All of these motions were denied.

In 1998, Ambrose filed a motion for new trial based on his trial counsel's alleged failure to communicate a plea offer. Around this time, Ambrose corresponded with Judge Garner, the judge who handled the pre-trial proceedings in his case. After Ambrose provided Judge Garner a copy of the pre-trial notice, Judge Garner wrote that he had no memory of Ambrose's case, but that "the writing appears to be my writing." Ambrose then filed a motion to supplement the record and reiterated his claim that he was denied effective assistance of counsel.

In 2005, Ambrose began another round of appeals in the state courts. On November 24, 2005, he filed an amended motion for relief from judgment based on his assertion that his trial counsel was ineffective. After his amended motion was denied, Ambrose filed a motion for delayed appeal of the denial and a motion to remand based on his claim that his trial counsel was ineffective.

On June 18, 2007, the Michigan Court Appeals denied Ambrose's motions for delayed appeal and to remand in a summary order: "The motion to remand is DENIED. The delayed application for leave to appeal is DENIED for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Samuel Lee Ambrose*, Dkt. No. 275571 (Mich. Ct. App. June 18, 2007). Ambrose filed a motion for reconsideration, which the Michigan Court of Appeals also denied. *People v. Samuel Lee Ambrose*, Dkt. No. 275571 (Mich. Ct. App. July 24, 2007).

Following the Michigan Court of Appeals denial of his claims, Ambrose filed an application for leave to appeal and a motion to remand with the Michigan Supreme Court, again claiming that his trial counsel was constitutionally ineffective. On December 28, 2007, the Michigan Supreme Court issued a one-page summary denial of Ambrose's ineffective assistance of counsel claim: "On order of the Court, the application for leave to appeal the June 18, 2007

order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Samuel Lee Ambrose*, Dkt. No. 134777 (Mich. Dec. 28, 2007). Ambrose filed a motion for reconsideration, which the Michigan Supreme Court denied. *People v. Samuel Lee Ambrose*, Dkt. 134777 (Mich. March 24, 2008).

**B**

On June 11, 2008, Ambrose filed a petition for habeas corpus in this Court, which was initially dismissed as untimely. ECF No. 19. However, the Sixth Circuit vacated the opinion and remanded the case, noting that Ambrose might be able to respond with a colorable showing that equitable tolling should apply. ECF No. 27. After Rule 5 material were filed, Respondent conceded that equitable tolling should apply and that Ambrose's habeas corpus petition should be considered timely. ECF No. 33 at 3.

On June 29, 2012, this Court referred the case to a magistrate judge to hold an evidentiary hearing, limited to Ambrose's claim that he was denied his right to effective assistance of counsel when his attorney failed to communicate a plea offer. ECF No. 44 at 14. The magistrate judge conducted an evidentiary hearing on May 1, 2013. Afterwards, additional Rule 5 materials were submitted and both parties filed supplemental briefs. *See* ECF Nos. 67, 68, 70.

On December 23, 2013, the magistrate judge issued a report recommending that Ambrose's petition for writ of habeas corpus be granted. ECF No. 71. The magistrate judge concluded that AEDPA deference did not apply to Ambrose's claim, and therefore he reviewed the evidence de novo. Given the evidence adduced at the evidentiary hearing, the magistrate judge believed that Ambrose had proffered enough evidence to suggest that the prosecution had made a plea offer for manslaughter, that trial counsel had failed to inform Ambrose of the offer,

and that he had suffered prejudice as result of that failure. The magistrate judge therefore recommended granting Ambrose's habeas petition based on his trial counsel's constitutional ineffectiveness. On January 6, 2014, Respondent timely filed objections to the magistrate judge's report and recommendation.

**II**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co*. 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

Here, Respondent raises three objections. First, Respondent argues that Ambrose's ineffective assistance of counsel claim was procedurally defaulted. Second, Respondent contends that, if the ineffective assistance claim is not procedurally defaulted, the Michigan appellate courts' rulings on the issue warrant AEDPA deference. Finally, Respondent disputes the magistrate judge's conclusions that Ambrose proffered sufficient evidence to conclude that the

prosecution made a plea offer, that trial counsel was constitutionally ineffective for failing to inform Ambrose of the offer, and that Ambrose suffered a prejudice as a result of that failure.

### III

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas corpus petition that includes a claim that was previously adjudicated on the merits in state court proceedings will be "denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1389 (2011). This standard is "difficult to meet," "highly deferential," and "demands that state-court decisions be given the benefits of the doubt." *Dixon v. Houk*, 737 F.3d 1003, 1007 (6th Cir. 2013) (quoting *Cullen*, 131 S. Ct. at 1398 (2011)).

### A

Respondent first objects that Ambrose has procedurally defaulted his ineffective assistance of counsel claim. The doctrine of procedural default bars consideration of a federal claim on habeas review if the last state court rendering a judgment in the case clearly and expressly stated that its judgment rested on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989). "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted when the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed. *Id*. Second, a claim is procedurally defaulted when state-court remedies have been exhausted within the meaning of § 2254, but the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural

rule. *Id*. Although a federal court is not obligated to decide a procedural-default issue before deciding a claim on the merits, *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003), the Court will address Respondent's first objection.

Here, Respondent argues that Ambrose procedurally defaulted his ineffective assistance of counsel claim because it was never fairly presented to the state courts—implicating the first type of procedural default. But Ambrose did raise his claim in state court: he raised it in his 2005 motion for relief from judgment; in his 2007 motion for delayed appeal and motion for remand before the Michigan Court of Appeals; and in his 2007 motion for delayed appeal and motion for remand before the Michigan Supreme Court. Claims not exhausted on direct appeal in the state courts may be exhausted through a properly raised and appealed application for state postconviction relief. *See Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). Ambrose exhausted his *Strickland* claim by raising it in his 2005 motion for relief from judgment and appealing the initial denial of relief to the Michigan Supreme Court, thereby "invoking one complete round of the State's established appellate review process. *Id*.

Because Ambrose exhausted his *Strickland* claim, this Court can review the merits of his Stickland claim—unless the last reasoned state-court judgment rests on a procedural state-law ground. *Coleman v. Thompson*, 501 U.S. 722, 729-30. In other words, if the state court denied his *Strickland* claim because he violated a procedural rule in the Michigan state courts, this Court would be barred from reviewing the claim's merits.

A federal habeas claim is procedurally defaulted when:

> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc). The second prong of this test requires that the state courts "actually enforce[]" the state procedural rule in denying relief. *Stone v. Moore*, 644 F.3d 342, 346 (6th Cir. 2011). In other words, "it is not sufficient that the state court *could* have applied a procedural default under state law; it must actually have done so." *Lovins*, 712 F.3d at 296 (emphasis original).

In determining whether a state court actually enforced a procedural rule, we apply the "plain statement" rule of *Michigan v. Long*, 463 U.S. 1032 (1983). Because a plain statement is required, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case *clearly and expressly* states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263 (emphasis added).

While Respondent requests that we apply the procedural default doctrine to Ambrose's *Strickland* claim, it does not argue that the Michigan appellate courts' decision "clearly and expressly" denied relief to Ambrose based on a state procedural bar. Both the Michigan Court of Appeals and the Michigan Supreme Court denied Ambrose's claims in one-page summary denials, explaining that Ambrose "failed to meet the burden of establishing entitlement to relief under MCR 6.508." *See Guilmette*, 624 F.3d at 291 (the Sixth Circuit, in an en banc decision, held that the brief form orders by the Michigan appellate courts invoking Mich. Ct. R. 6.508 are "ambiguous as to whether they refer to procedural default or denial of relief on the merits.") The Michigan Supreme Court's decision contains no express discussion of waiver, procedural default, or of any specific Michigan procedural rule. Absent an unambiguous statement by state appellate courts that their decisions rested on a procedural bar, this Court may not treat a state court order as relying on a procedural bar. *Peoples v. Lafler*, 724 F.3d 503, 512 (6th Cir. 2013).

In sum, Ambrose exhausted his *Strickland* claim by raising it with the Michigan appellate courts, and the judgments in the state courts are silent regarding the question of procedural default. Accordingly, because the Michigan courts did not "clearly and expressly" enforce a state procedural rule in denying Ambrose relief, the procedural default doctrine does not bar federal habeas review of the merits of Ambrose's *Strickland* claim. Respondent's first objection will therefore be denied.

**B**

The parties dispute whether Ambrose's claim was adjudicated on the merits and, accordingly, whether AEDPA's deferential standard of review applies. The Michigan Supreme Court denied Ambrose's ineffective assistance of trial counsel claim in his application for leave to appeal because "he failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Ambrose argues that the Michigan Supreme Court's one-page summary order denying his habeas request was not an adjudication on the merits in light of the fact that he was denied an evidentiary hearing in the Michigan courts. Resp. at 7. Respondent objected to the magistrate judge's conclusion that AEDPA deference does not apply to the state appellate courts' rulings.

In *Harrington v. Richter*, the Supreme Court explained that there is a presumption that a state appellate court adjudicated a petitioner's claim on the merits: "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." 131 S.Ct 770, 784-85 (2011). When a state appellate court issues a summary order, that "unexplained summary order is an adjudication on the merits for AEDPA purposes." *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012).

The only exception to the presumption that summary orders are adjudications on the merits occurs when a lower court's opinion expressly states that the claim is procedurally defaulted. When a lower court clearly issued an explained decision and expressly invoked procedural default, later state-court appellate decisions under Mich. Ct. R. 6.508(D) are deemed to have been affirmed on the same procedural-default grounds. *McClellan v. Rapelje*, 2013 WL 135362, at *4 (6th Cir. 2013); *see also Milstead v. Sherry*, 525 F. App'x 323, 325 ("We presume that the Michigan appellate court's summary order denying leave to appeal 'for lack of merit in the grounds presented' was an adjudication 'on the merits' and apply AEDPA deference, 'absent some indication or Michigan procedural principle to the contrary.") (citing *Werth v. Bell*, 692 F.3d at 493-94) (emphasis original).

Here, the Michigan Supreme Court denied Ambrose's August 17, 2007 application for leave to appeal the June 18, 2007 Court of Appeals order: "On order of the Court, the application for leave to appeal the June 18, 2007 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." This one-page summary order does not explain the Michigan Supreme Court's reasoning for denying Ambrose's claim. Therefore, pursuant to the presumption established in *Harrington*, the Michigan Supreme Court will be presumed to have denied Ambrose's ineffective assistance of counsel claim on the merits, absent some indication to the contrary.

Here, there is no indication that the Michigan Supreme Court denied Ambrose's claim on procedural grounds rather than on the merits. The Michigan Court of Appeals similarly denied

Ambrose's claim "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."[2] *People of MI v. Samuel Lee Ambrose*, Docket # 275571 (Jun. 18, 2007).

Ambrose relies on the Sixth Circuit's opinion in *McClellan v. Rapelje* to support his contention that the Michigan appellate courts did not decide his claims on the merits. The *McClellan* opinion stated that the *Harrington* presumption may be overcome if an analysis of the procedural history and factual underpinnings of a petitioner's case indicates that there is a "reason to think some other explanation for the state court's decision is more likely." *McClellan*, 703 F.3d at 349.

Here, Ambrose's situation is distinguishable from the *McClellan* petitioner's situation. In *McClellan*, the lower state appellate courts had explicitly rejected the petitioner's claim on procedural grounds. Accordingly, the Sixth Circuit presumed that the later Michigan Supreme Court affirmation of the Michigan Court of Appeals decision rested on the same procedural grounds. Here, there is no evidence that the Michigan Court of Appeals denied Ambrose's claim on procedural grounds, as it did in *McClellan*. Therefore, Ambrose has not provided a reason to think that state courts' decisions rested on procedural grounds rather than on the merits.

Contrary to Ambrose's assertions, the lack of reasoned state court opinions does not mean that the *Harrington* presumption has been overcome. Rather, in light of the dearth of information regarding the Michigan appellate courts' reasoning for denying Ambrose's claims, this Court must presume that the Michigan appellate courts denied Ambrose's ineffective assistance of counsel claims on the merits. Accordingly, Respondent's objection that AEDPA deference applies will be sustained.

---

[2] The Michigan Court of Appeals also summarily denied Ambrose's motion for reconsideration of its June 18, 2007 order: "The Court orders that the motion for reconsideration is DENIED." *People of MI v. Samuel Lee Ambrose*, Dkt. No. 275571 (July 24, 2007).

**C**

If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2255(d)(1) on the record that was before [the] state court. *Sanders v. Curtin*, 529 F. App'x 506, 517 (6th Cir. 2013) (quoting *Pinholster*, 131 S. Ct. at 400). Because Ambrose's ineffective assistance of counsel claim was adjudicated on the merits by the Michigan state courts, the "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id*. Because AEDPA deference applies, the Court's review is limited to the state-court record. *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Pinholster*, 131 S. Ct. at 1398). Therefore, the evidence adduced at the evidentiary hearing conducted on May 1, 2013, is irrelevant and will not be considered in deciding the merits of Ambrose's petition.

The Court notes that this conclusion essentially nullifies its earlier opinion granting an evidentiary hearing, ECF No. 19. The issue of whether AEDPA deference applies, and thus whether an evidentiary hearing is available, was not addressed until the parties filed post-hearing supplemental briefs—after the Magistrate Judge conducted the thorough evidentiary hearing. Despite the fact that the Magistrate Judge was complying with the directives in this Court's earlier opinion and order by holding an evidentiary hearing, the evidence produced at the evidentiary hearing will not be considered by this Court.

**D**

The next question is whether the state appellate court's treatment of Ambrose's ineffective assistance of counsel claim was "so lacking in justification" as to warrant habeas relief. *See Harrington*, 131 S.Ct. at 786. AEDPA imposes a "highly deferential standard for evaluating state-court rulings" and demands that federal courts give state-court decisions the

benefit of the doubt. *Renico v. Lett*, 559 U.S. 766 (2010). Accordingly, relief is warranted only if the state appellate court's decision was contrary to, or involved an unreasonable application of, clearly-established federal law, or if the decision was based upon an unreasonable determination of the facts in light of the evidence. *See Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2013) (citing 28 U.S.C. § 2254(d)). AEDPA deference requires habeas courts to withhold relief so long as "fairminded jurists could disagree on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786. Thus, to obtain relief, Ambrose must show that the state appellate court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded agreement." *Id*.

When, as here, the state court summarily denied the state habeas petition without a reasoned opinion, Ambrose can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the Michigan appellate court's decision. *Pinholster*, 131 S.Ct. at 1402. In other words, when a state court issues a summary denial, "a habeas court must determine what arguments or theories . . . could have supported[] the state court's decision . . . ." *Harrington*, 131 S. Ct. at 786. Section 2254(d) precludes habeas relief if there are "arguments that would otherwise justify the state court's result." *Id*.

A summary holding rejecting an ineffective assistance claim necessarily reveals that the state court relied on at least one Strickland prong but gives no indication as to whether the holding was based on deficiency or prejudice or both. In such situations, it makes sense under *Harrington* for a habeas court to review both prongs pursuant to AEDPA to assure proper deference to the unspoken holding(s) actually relied upon by the state court. *Rayner v. Mills*, 685 F.3d 631, 638 (6th Cir. 2012).

**i**

Ambrose claims that his trial counsel provided constitutionally ineffective assistance when they failed to convey the 5-15 year manslaughter plea offer. The state disputes the existence of such an offer, arguing that the handwriting on the "pre-trial notice" is insufficient to show that the prosecution made a formal plea offer to Ambrose's trial counsel.

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, counsel must make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id* at 687. To establish deficient performance, the defendant must show that his counsel's representation "fell below an objective standard of reasonableness." *Id*. at 688. Second, the defendant must have been prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[3] *Id*. at 694.

The Supreme Court has confirmed that a federal court's consideration of *Strickland* claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two

---

[3] A summary holding rejecting an ineffective assistance claim necessarily reveals that the state court relied on at least one *Strickland* prong but gives no indication as to whether the holding was based on deficiency or prejudice or both. In such situations, it makes sense under *Harrington* for a habeas court to review both prongs pursuant to AEDPA to assure proper deference to the unspoken holding(s) actually relied upon by the state court. *Rayner v. Mills*, 685 F.3d 631, 638 (6th Cir. 2012).

apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citation omitted).

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. *See Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Id*. But, "[i]f no plea offer is made . . . the issue raised here simply does not arise." *Id*. Therefore, the Court must determine whether Ambrose has offered sufficient proof of the existence of a plea agreement.

**ii**

Applying the "double-deference" accorded to the Michigan appellate courts, Ambrose has not offered sufficient evidence to show that the prosecution ever offered his trial counsel a plea offer. The single piece of evidence proffered was a "pre-trial notice" on which Judge Gardner may have written "5-15 yrs" and "manslaughter."

The Michigan appellate court's possible interpretation that Judge Gardner's notation was not evidence of a formal plea offer is not objectively unreasonable. Ambrose has not provided any context for the notation, and therefore there could be many interpretations of the note. The note could reflect informal, non-binding plea discussions between the parties, or it could reflect Judge Gardner's recommendation for a plea offer. But nothing in the record indicates that the prosecution ever made or was willing to make a formal plea offer to Ambrose's trial counsel. A

defendant does not have a right to be offered a plea, or to have a judge accept it. *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012). It was not objectively unreasonable for the Michigan appellate court to conclude that the prosecution did not offer Ambrose a formal plea offer, and therefore Ambrose's trial counsel was not ineffective for failing to communicate a non-existent plea offer.

Ambrose has not overcome the burden established by AEDPA. The Michigan Supreme Court's conclusion that Ambrose was not denied effective assistance of counsel is not objectively unreasonable. Ambrose has not proffered sufficient evidence that a formal plea offer was ever offered by the prosecution, and therefore his trial counsel was not ineffective for failing to communicate the alleged plea offer to him. Respondent's third objection, that Ambrose's *Strickland* claim is meritless, is sustained.

## IV

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 71) is **REJECTED**.

It is further **ORDERED** that Respondent's objections are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that Claim 11 of Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**. This Order does not affect the other claims in Petitioner's Petition for a Writ of Habeas Corpus.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: February 10, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS