UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

|  |  |
|---|---|
| Petitioner, | Case No. 08-cv-12502 |
| v | Honorable Thomas L. Ludington |
| KENNETH ROMANOWSKI, | |
| Respondent. | |

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION**

On February 10, 2014, this Court issued an opinion and order denying Petitioner Samuel Ambrose's eleventh claim in his petition for habeas corpus. Ambrose claimed that his trial counsel provided ineffective assistance by failing to inform him of an offer for a plea agreement. Ambrose claimed that, because his attorney did not inform him of the plea offer, he proceeded to trial and was convicted of second-degree murder.

In the order, this Court concluded that Ambrose's claim had been adjudicated on the merits and was therefore entitled to AEDPA deference. The Court referred to *Harrington v. Richter*, which created a rebuttable presumption that a state appellate court adjudicated a petitioner's claim on the merits: "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." 131 S. Ct. 770, 784-85 (2011). The Court concluded that "there is no indication that the Michigan Supreme Court denied Ambrose's claim on procedural grounds rather than the merits," and therefore AEDPA deference applied to Ambrose's claim. Op. & Order 11, ECF No. 74.

Accordingly, applying AEDPA's deferential standard of review, the Court determined that Ambrose was not entitled to relief on his habeas claim.

Ambrose timely filed a motion for reconsideration, arguing that he had in fact overcome the *Harrington* presumption and therefore his claim was not entitled to AEDPA deference. Because Ambrose has not shown a "palpable defect" in the Court's order denying him relief for his eleventh claim, Ambrose's motion for reconsideration is denied.

## I

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id.* (quoting E.D. Mich. 7.1(h)(3)).

## II

Ambrose moves for reconsideration on one ground: he argues that this Court erred in determining that the Michigan state courts had decided his claim "on the merits" and that AEDPA deference applied. Specifically, Ambrose claims that the Court interpreted *Harrington* too narrowly; Ambrose asserts that *Harrington* creates a rebuttable presumption that a petitioner's claim was adjudicated on the merits, unless "there is reason to think some other explanation for the state court's decision is more likely." *Harrington*, 131 S. Ct. at 785. Ambrose claims that he has produced sufficient evidence to show that the Michigan state courts' decisions

were based on procedural grounds rather than on the merits, and therefore he has overcome the *Harrington* presumption.

The basis of Ambrose's argument is that he was repeatedly denied an evidentiary hearing before the Michigan state courts. As a result of his "repeated (unsuccessful) attempts to obtain an evidentiary hearing in state court, it is 'more likely' that his federal claim was not decided on the merits." Mot. for Reconsideration 4 (emphasis original). Thus, Ambrose argues that unless the state court holds an evidentiary hearing, his claim could not have been adjudicated on the merits for purposes of AEDPA deference.

Ambrose's motion for reconsideration does not cite any case law to support his proposition that a state court has not adjudicated a claim on the merits unless it has given the petitioner a full and fair evidentiary hearing. Indeed, case law compels the opposite conclusion.

Although Ambrose repeatedly requested evidentiary hearings while appealing his conviction, the Michigan courts never granted Ambrose an evidentiary hearing. But a defendant is not entitled to an evidentiary hearing at the state court level as of right. The Michigan Court Rules explain that it is within a state court's discretion whether to conduct an evidentiary hearing: "After reviewing the motion and response, the record, and the expanded record, if any, the court shall determine whether an evidentiary hearing is required." Mich. Ct. Rule. 6.508(B); *see also People v. Pearson*, 2005 WL 3481458, at *2 (Mich. Ct. App. Dec. 20, 2005) ("The court may, in its discretion, hold an evidentiary hearing, but it is not required to do so."). The decision whether to conduct an evidentiary hearing thus lies within the state court's discretion, and a petitioner is not entitled to an evidentiary hearing before the state court as a matter of law.

The failure of a state court to provide an evidentiary hearing does not automatically mean that the state court did not issue a decision on the merits. Indeed, the fact that the state courts did

not hold an evidentiary hearing, alone, is insufficient to overcome the *Harrington* presumption that the state decided Ambrose's claims on the merits. *See Ballinger v. Prelesnik*, 709 F.3d 558, 562 (6th Cir. 2013) (concluding that the Michigan courts had adjudicated petitioner's claims on the merits despite the fact that petitioner never received an evidentiary hearing in state court); *Atkins v. Clarke*, 642 F.3d 47, 49 (1st Cir. 2011) (rejecting the petitioner's claim that the state court's decision was not on the merits because he had not received an evidentiary hearing.); *Lewis v. Ayers*, 2011 WL 2260784, at *6 ("Nor will an assertion—that because the state record was incomplete, there was no adjudication on the merits—operate to avoid the [*Pinholster*] holding."). Indeed, "an adjudication on the merits is just that[,] regardless of one's view of the completeness of the record on which the ruling was made." *Lewis*, 2011 WL 2260784, at *6. "While allowing a petitioner to supplement an otherwise sparse trial court record may be appealing, especially where he diligently sought to do so in state court, the plain language of *Pinholster* and *Harrington* precludes it." *Ballinger*, 709 F.3d at 562.

Accordingly, Ambrose cannot rely on the lack of an evidentiary hearing before the state courts to overcome the *Harrington* presumption that the state courts adjudicated his claims on the merits. And because Ambrose has not provided any other evidence that would require the Court to conclude that it was "more likely" that the state courts decided Ambrose's claims on procedural grounds rather than the merits, the Court concludes that the Michigan courts adjudicated Ambrose's ineffective assistance of counsel claim on the merits. Accordingly, AEDPA deference applies to Ambrose's claim and no evidentiary hearing on the claim is permitted. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011).

- 5 -

**III**

Ambrose's motion for reconsideration does nothing to undermine the Court's conclusion in its opinion and order dated February 10, 2014. He has not demonstrated any palpable defect by which the Court was misled, and his motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that Ambrose's motion for reconsideration, ECF No. 75, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 25, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 25, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS