UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

        Petitioner               Case No. 08-12502

v                                      Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

        Respondent.

_____/

## ORDER STRIKING PETITIONER'S SUPPLEMENTAL BRIEF

On March 4, 2014, Petitioner Samuel Ambrose filed a pro se supplemental brief to his motion for reconsideration. Ambrose's attorney had filed a motion for reconsideration of the Court's order denying Ambrose's eleventh claim in his habeas corpus petition. *See* ECF No. 75. On February 25, 2014, this Court denied Ambrose's motion for reconsideration, and now Ambrose has filed a supplemental brief, apparently seeking a reconsideration of the Court's denial of his motion for reconsideration.

Because Ambrose was represented by counsel on his eleventh habeas claim, this Court is under no obligation to review Ambrose's pro se supplemental brief. *Jones v. Bradshaw*, 326 F. Supp. 2d 857, 858 (N.D. Ohio 2004) ("this Court consequently must find that a habeas petitioner, whose right to counsel is merely statutory, has no right to hybrid representation."). A habeas petitioner has neither a constitutional right nor a statutory right to hybrid representation. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* . . . .") (emphasis added). Accordingly, the Court is not required to review the arguments in Ambrose's supplemental pro se brief.

However, even after reviewing the arguments in the supplemental brief, the Court is not persuaded that its February 10, 2014 Order contains a "palpable defect." *See* E.D. Mich. LR 7.1(h)(3). Ambrose contends that he has provided sufficient evidence to show that the Michigan courts used a procedural bar to deny his ineffective assistance of counsel claim. He claims that the "1996 procedural bar (default) is obvious, clear, unmistakable, manifest or plain in the trial court's September 3, 1996, letter . . . ." Supp. at 2.

As Ambrose contends, on September 3, 1996, the Recorder's Court denied Ambrose's claim because it was a "second or subsequent Motion for Relief," which was prohibited by the procedural bars in Mich. Ct. R. 6.502 and 6.509. But, on appeal, the Michigan Supreme Court explicitly refused to adopt this reasoning: "This denial should not be construed as approving the trial court's refusal to consider the motion for relief from judgment because defendant Ambrose had previously filed such a motion." Doc. 14 at 494. Instead, the Michigan Supreme Court construed Ambrose's appeal—which included his claim for ineffective counsel—as a delayed application for leave to appeal, which it denied. *Id*. Thus, the Michigan Supreme Court did not plainly deny Ambrose's claim on procedural grounds.

Ambrose's supplemental pro se brief does nothing to undermine the Court's conclusion in its opinion and order dated February 10, 2014. He has not demonstrated any palpable defect by which the Court was misled, and his supplemental pro se brief will be stricken.

Accordingly, it is **ORDERED** that Ambrose's supplemental pro se brief (ECF No. 77) is **STRICKEN**.

                                               s/Thomas L. Ludington  
                                               THOMAS L. LUDINGTON  
                                               United States District Judge

Dated: March 5, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS