UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

                Petitioner,                                Case No. 08-12502

v                                                          Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

                Respondent.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION**

      Petitioner Samuel Ambrose, a state prisoner at Bellamy Creek Correctional Facility in Ionia, Michigan, has appealed the Court's opinion and order denying his habeas corpus petition and granting in part a certificate of appealability. Petitioner was convicted of second-degree murder in the former Recorder's Court for the City of Detroit, Michigan, and sentenced to life imprisonment. He asserted eleven claims for relief in his habeas corpus petition. On March 31, 2014, the Court denied the habeas petition, but granted a certificate of appealability as to Petitioner's eleventh claim, which alleges that his trial attorney failed to inform him of an offer for a plea agreement. Currently pending before the Court are Petitioner's motion for reconsideration of that decision and his motion to proceed *in forma pauperis* on appeal. For the reasons that follow, the motion for reconsideration is granted in part, but the motion to proceed *in forma pauperis* on appeal is denied as moot.

I.

> Motions for reconsideration are governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case. E.D. Mich. Local Rule 7.1(g).[1] The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration.

*Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011) (footnote in original as note 5). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

II.

In his motion for reconsideration, Petitioner urges the Court to reconsider habeas claims I, II, VI, and IX or to grant a certificate of appealability on those claims. Habeas claim I alleges that it was reversible error for the state trial court to deny Petitioner's request for a "hung jury" charge and to instruct the jurors that they could consider involuntary manslaughter only upon finding that Petitioner was not guilty of the principal charge of second-degree murder. Habeas claim II alleges that Petitioner is entitled to a new trial because he did not voluntarily, knowingly, and intelligently waive his constitutional right to a sworn jury. Claim VI alleges that the state magistrate judge who presided over the reverse writ proceedings in state court was not neutral or detached. Claim IX alleges that Petitioner was denied an opportunity to respond to a juror's request because he and his attorney were absent when the juror asked the trial court for a written copy of the jury instructions on second-degree murder and manslaughter.

---

[1] This provision is currently contained in Local Rule 7.1(h).

- 3 -

Petitioner's arguments in his motion for reconsideration merely present the same issues that the Court ruled on in its opinion and order denying the habeas corpus petition. Furthermore, the Court does not believe the decision to deny the petition for a writ of habeas corpus was palpably defective. The Court therefore declines to reconsider habeas claims I, II, VI, and IX.

III.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner claims that, at a minimum the Court should grant a certificate of appealability on his first claim. This Court found no merit in Petitioner's first claim, but the dissenting judge on direct appeal concluded that the trial judge committed reversible error by conditioning the jury's consideration of the lesser-included offense of manslaughter on a finding that Petitioner was not guilty of the principal charge of second-degree murder. Obviously, reasonable jurists could disagree with the Court's resolution of Petitioner's first claim. The Court therefore will grant a certificate of appealability on the portion of habeas claim I that alleges it was reversible error for the state trial court to instruct the jurors that they could consider involuntary manslaughter only if they first determined that Petitioner was not guilty of second-degree murder.

IV.

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration (ECF No. 83) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied to the extent that the Court to declines to reconsider Petitioner's habeas claims. The motion is granted in that a certificate of appealability may issue on habeas claim I. The Court declines to grant a certificate of appealability on any additional claims. In summary, the Court grants a certificate of appealability only on Petitioner's habeas claim I and XI.

It is further **ORDERED** that Petitioner's motion to proceed *in forma pauperis* on appeal (ECF No. 88) is **DENIED AS MOOT**, because the Court previously granted leave to proceed *in forma pauperis* on appeal. *See* ECF No. 80 at 31.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 9, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Samuel Lee Ambrose, No. 159367, at Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on May 9, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS