UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

        Petitioner,               Case No. 08-cv-12502

v                                          Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

        Respondent.
_____/

**ORDER DENYING MOTION FOR SUBSTITUTION OF COUNSEL**

Samuel Ambrose was convicted of second-degree murder in 1979 after an altercation outside of a bar in Detroit. After pursuing both direct appeals and collateral attacks in Michigan state court, Ambrose filed a petition for a writ of habeas corpus in this Court alleging 12 claims. ECF No. 1. This Court denied his petition, and issued a certificate of appealability on two of his twelve claims: (1) the series of jury instructions—an error followed by a retraction and two later clarifications— resulted in an unfair trial in violation of the Due Process Clause; and (2) ineffective assistance of counsel during the plea process in violation of the Sixth Amendment. ECF Nos. 80, 93. On appeal, the Sixth Circuit affirmed. ECF No. 100. Petitioner Ambrose now moves for substitution of counsel. ECF No. 102.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806

F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

As an initial matter, Petitioner Ambrose is no longer represented by Attorney Koelzer. Pursuant to Local Rule 83.25(b)(1)(A), an attorney's appearance in this Court continues until entry of "a final order or judgment disposing of all claims by or against the party the attorney represents." Attorney Koelzer was appointed to represent Petitioner in his 28 U.S.C. § 2254 proceedings. ECF No. 44. Petitioner's § 2254 claims were disposed of upon this Court's final order granting in part and denying in part Petitioner's motion for reconsideration. ECF No. 93. Because the case is now closed, Petitioner is no longer represented by Attorney Koelzer. For this reason, his motion for substitution of counsel is in fact a motion for the appointment of counsel.

Petitioner Ambrose has not satisfied the high burden of showing that appointment of counsel is warranted. The case has closed, and Petitioner has no remaining claims or issues pending in the case. Petitioner has not shown that the interests of justice or due process require the appointment of counsel in this closed matter.

Accordingly, it is **ORDERED** that Petitioner Samuel Ambrose's motion for substitution of counsel, ECF No. 102, is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: December 2, 2015

- 3 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2015.

                                    s/Michael A. Sian
                                    MICHAEL A. SIAN, Case Manager