UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

        Petitioner,                        Case No. 08-cv-12502

v                                            Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

        Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Samuel Ambrose was convicted of second-degree murder in 1979 after an altercation outside of a bar in Detroit. After pursuing both direct appeals and collateral attacks in Michigan state court, Ambrose filed a petition for a writ of habeas corpus in this Court alleging 12 claims. ECF No. 1. This Court denied his petition, and issued a certificate of appealability on two of his twelve claims: (1) the series of jury instructions—an error followed by a retraction and two later clarifications— resulted in an unfair trial in violation of the Due Process Clause; and (2) ineffective assistance of counsel during the plea process in violation of the Sixth Amendment. ECF Nos. 80, 93. On appeal, the Sixth Circuit affirmed. ECF No. 100. Ambrose then moved for substitution of counsel, which was denied by this Court on December 2, 2015. ECF No. 103. Petitioner Ambrose now asks the Court to reconsider its motion denying substitution of counsel. ECF No. 104.

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correct the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is

- 2 -

"obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

In his motion, Ambrose identifies no palpable defect in the Court's previous order, much less a defect that misled the Court and the parties. Instead, his motion amounts to mere disagreement with the Court's order denying him counsel in his continuing collateral attack of his conviction, to which he has no constitutional right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). As stated in this Court's previous order, this case has closed and Petitioner has no remaining claims or issues pending in the case. Petitioner has not shown that the interests of justice or due process require the appointment of counsel in this closed matter.

Accordingly, it is **ORDERED** that Petitioner Samuel Ambrose's motion for reconsideration, ECF No. 104, is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 5, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2016.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager