UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

           Petitioner,           Case No. 08-cv-12502

v           Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

           Respondent.
_____/

## ORDER DENYING PENDING MOTIONS AND DENYING CERTIFICATE OF APPEALABILITY

Samuel Ambrose was convicted of second-degree murder in 1979 after an altercation outside of a bar in Detroit. After pursuing both direct appeals and collateral attacks in Michigan state court, Ambrose filed a petition for a writ of habeas corpus in this Court alleging 12 claims. ECF No. 1. His petition was denied by this Court on March 31, 2014, and the denial was affirmed by the Sixth Circuit on July 13, 2015. ECF No. 100. In response, Ambrose has filed numerous motions in this Court seeking relief from judgment and an evidentiary hearing. Ambrose's motions are without merit, and will be denied.

**I.**

Ambrose filed his 12-claim petition for habeas relief with this Court on June 11, 2008. ECF No. 1. Petitioner's eleventh claim alleged that his trial counsel had been ineffective for failing to convey his desire to accept an alleged plea offer to Defense Counsel. *Id*. On March 29, 2012, Ambrose filed a motion for an evidentiary hearing on that claim, which the Court granted on June 29, 2012. ECF No. 43. Respondent then filed a motion for reconsideration of that order. *See* ECF No 47. Ambrose's counsel filed a response to that motion, as did Ambrose

himself. ECF Nos. 52, 53. In both responses, Ambrose argued Respondent was precluded from objecting to the Court's order granting his motion for an evidentiary hearing because Respondent had not responded to Ambrose's original request for an evidentiary hearing. He therefore argued that the objection should be regarded as too late under *Couch v. Booker*, 632 F.3d 241, 244 (6th Cir. 2011). Ambrose also raised a number of arguments attacking the merits of Respondent's motion.

The Court did not address Ambrose's argument under *Couch*. Instead, the Court analyzed the arguments raised by Respondent, and found them to be without merit. ECF No. 56. The Court therefore denied Respondent's motion for reconsideration, and held an evidentiary hearing on May 1, 2013. *Id*; ECF No. 65. Ultimately, however, the Court determined that, because the Michigan State Court had decided the relevant issue on the merits, Ambrose was required to overcome the limitations of § 2255(d)(1) on the record that was before the state court. The Court therefore determined that any evidence adduced at the evidentiary hearing was irrelevant, and that the order granting Ambrose an evidentiary hearing was essentially nullified. ECF No. 74. This Court then denied the remainder of the claims raised in Ambrose's petition, and issued a certificate of appealability on Ambrose's ineffective assistance of counsel claim, as well as one of his other claims. ECF Nos. 80, 93. Ambrose then appealed.

On appeal, the Sixth Circuit affirmed this Court's denial of Ambrose's petition on other grounds. ECF No. 100. The Sixth Circuit determined that Ambrose had procedurally defaulted his ineffective assistance of counsel claim because in state court Ambrose had presented his claim as his counsel's failure to *notify* him of an alleged plea offer, which was distinct from his federal ineffective-assistance claim that counsel had failed to *convey his acceptance* of an alleged plea offer. *Id*. at 11-12. In the alternative, the Court found that Ambrose's ineffective

assistance claim failed on the merits because he could not overcome AEDPA deference under § 2254(d)(1) based on the record that was before the state court. The Sixth Circuit therefore affirmed this Court's denial of Ambrose's petition for habeas corpus. *Id.* at 15.

Undeterred, Ambrose now brings a motion for relief from judgment, a motion for summary judgment, a motion for oral argument, a motion to hold Respondent in default, a praecipe for vacated judgment, and a motion for an evidentiary hearing. ECF Nos. 106-112. In his recent motions, Ambrose attempts to collaterally attack his former collateral attack, arguing that procedural and substantive errors in his habeas proceeding warrant judgment in his favor.

**II.**

Ambrose's motion for relief from judgment will be addressed first. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correct the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

In his motion, Ambrose argues that the Court committed a palpable error in failing to rule on his claim that Respondent's objection to his request for an evidentiary hearing was untimely under *Couch*. Any error in this regard was harmless, as the Court in fact denied Respondent's motion for reconsideration. Ambrose thus cannot show that any defect in this regard misled the court or the parties.

Ambrose also cannot show that correcting the alleged defect would result in a different disposition in the case. Respondent's motion for reconsideration had no bearing whatsoever on

this Court's determination that the state appellate court had presumptively adjudicated the merits of Ambrose's eleventh claim under *Harrington v. Richter*, 131 S.Ct 770, 784-85 (2011). *See also Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (holding that an "unexplained summary order is an adjudication on the merits for AEDPA purposes."). Instead, as noted by the Court, "[t]he issue of whether AEDPA deference applies, and thus whether an evidentiary hearing is available, was not addressed until the parties filed post-hearing supplemental briefs – after the Magistrate Judge conducted the thorough evidentiary hearing." ECF No. 74, 10. More importantly, this Court's ruling on Respondent's motion for reconsideration had no bearing on the Sixth Circuit's conclusion that Ambrose had defaulted his ineffective-assistance claim based on trial counsel's failure to convey his acceptance of an alleged plea offer. Ambrose cannot show that a procedural ruling on Respondent's motion for reconsideration would have resulted in a different disposition of the case by the Sixth Circuit, and therefore Ambrose's motion for reconsideration will be denied.

Because Ambrose's motion for relief from judgment is without merit, his motion for oral argument regarding his motion for relief from judgment will also be denied. *See* ECF No. 108

### III.

Ambrose has also filed a motion for summary judgment. ECF No. 106. In his motion, Ambrose argues that the Wayne County Prosecutor's office had a duty to preserve documents relevant to his habeas proceedings, and that failure to do so constitutes spoliation of evidence. He argues that he will suffer extreme and undue hardship because of that spoliation and that the Court should vacate the former judgment against him and enter judgment in his favor.

This motion is without merit for the same reason as Ambrose's previous motion was without merit – the Sixth Circuit held that Ambrose had defaulted his ineffective-assistance

claim based on trial counsel's failure to convey his acceptance of an alleged plea offer. *See* ECF No. 100. Ambrose is thus procedurally barred from bringing his ineffective assistance of counsel claim. Because Ambrose is procedurally barred from bringing the claim, evidence (or lack thereof) related to that claim, including Ambrose's Wayne County Prosecutor Records, is of no consequence to his closed proceedings in this Court. Ambrose's motion for summary judgment will therefore be denied. ECF No. 106.

### III.

Ambrose's motion to hold Respondent in default will similarly be denied. *See* ECF No. 110. To the extent that this request rests on a claim that Respondent has not responded to Ambrose's post-petition motions, it is without merit. "A default judgment is unavailable in a habeas corpus proceeding on the ground that state officials fail to file a timely response to the petition." *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002). This is in recognition of the fact that, without a response, the judge is missing half of the story and cannot properly adjudicate a petitioner's claims. *Id.* Ambrose's motions are one step further removed, as his habeas petition has already been denied, and he is now filing motions on a closed docket. Respondent has no obligation to respond to such motions, and default judgment is therefore unavailable.

To the extent Petitioner seeks default based on events concerning his Wayne County Prosecutor Records, that is not a proper ground for default. Moreover, contentions regarding his Wayne County Prosecutor Records are not relevant in this closed matter for the reasons stated above.

### IV.

Ambrose's praecipe for vacated judgment and habeas relief will be denied for the same reason. Whether Respondent provided complete Habeas Rule Materials at the time of Ambrose's evidentiary hearing, and whether Ambrose's habeas attorney was inefficient for stipulating to the fact that Respondent's Habeas Rule Materials were complete, is irrelevant. The Sixth Circuit found that Ambrose was procedurally barred from bringing his ineffective assistance claim, thereby mooting any issues related to that claim. Again, because Ambrose is procedurally barred from bringing the ineffective assistance of counsel claim, evidence related to that claim is irrelevant.

## V.

Ambrose's final motion seeking a Rule 60(b) evidentiary hearing reiterates the same arguments as his previous motions and will be denied. Because Ambrose is procedurally barred from bringing his ineffective assistance claim, evidentiary and procedural issues relating to that claim are irrelevant in this closed matter.

## VI.

Accordingly, it is **ORDERED** that Petitioner Samuel Ambrose's pending motions, ECF Nos. 106, 107, 108, 110, 111, and 112, are **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 12, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2016.

                s/Michael A. Sian
                MICHAEL A. SIAN, Case Manager