UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

        Petitioner,               Case No. 08-cv-12502

v                                  Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

        Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING CERTIFICATE OF APPEALABILITY

Samuel Ambrose was convicted of second-degree murder in 1979 after an altercation outside of a bar in Detroit. After pursuing both direct appeals and collateral attacks in Michigan state court, Ambrose filed a petition for a writ of habeas corpus in this Court alleging 12 claims. ECF No. 1. His petition was denied by this Court on March 31, 2014. The denial was affirmed by the Sixth Circuit on July 13, 2015 on the grounds that Ambrose had procedurally defaulted his claim that his trial counsel had been ineffective for failing to convey his alleged acceptance of a plea offer to Defense Counsel. ECF No. 100. Ambrose then filed numerous motions in this Court seeking relief from judgment and an evidentiary hearing. *See* ECF Nos. 106-112. Because Ambrose's motions were without merit they were denied on April 4, 2016, and he was denied a certificate of appealability. *See* ECF No. 113. Ambrose now brings a motion for reconsideration, claiming that the Court erred in denying him a certificate of appealability, and erred in rejecting his post-habeas claims.

**I.**

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correct the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

**A.**

Ambrose first argues that, by denying him a certificate of appealability, the Court's order issued on April 12, 2016 contains a palpable defect. This argument is without merit. Before a petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

As already stated in the April 12, 2016 order, all of Ambrose's claims were without merit because the Sixth Circuit concluded that Ambrose had defaulted his ineffective-assistance claim based on trial counsel's failure to convey his acceptance of an alleged plea offer. Ambrose has no constitutional right to present evidence on a procedurally barred claim. Because Ambrose failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is not warranted as any appeal would be frivolous.

**B.**

Ambrose alternatively bases his motion for reconsideration on all of the arguments raised in his previous post-habeas motions, which were addressed at length and rejected by this Court's April 12, 2016 order. Ambrose has not identified any palpable defect in that order, and his claims amount to mere disagreement with the Court's ruling. For the reasons already stated in that order his claims are without merit, and his motion for reconsideration will be denied. A certificate of appealability will also be denied.

**II.**

Accordingly, it is **ORDERED** that Petitioner Samuel Ambrose's motion for reconsideration, ECF No. 115, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

    s/Thomas L. Ludington  
    THOMAS L. LUDINGTON  
    United States District Judge

Dated: May 4, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 4, 2016.

    s/Michael A. Sian  
    MICHAEL A. SIAN, Case Manager