UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL AMBROSE,

       Petitioner,

v.

       Case Number 08-12502
       Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO EXPEDITE, MOTION FOR AN EVIDENTIARY HEARING AND RELIEF FROM JUDGMENT, MOTION FOR SUMMARY JUDGMENT, APPLICATION FOR WRIT OF HABEAS CORPUS, AND MOTION FOR ORAL ARGUMENT**

Petitioner Samuel Ambrose was convicted of second-degree murder in 1979 and sentenced to life imprisonment for the fatal beating of a man outside a bar in Detroit, Michigan. The Michigan Court of Appeals affirmed his conviction, and the Michigan Supreme Court denied leave to appeal in 1983. After pursuing collateral attacks on his conviction in state court, Petitioner filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 in this Court. The Court initially dismissed the petition as untimely, but after the United States Court of Appeals for the Sixth Circuit reversed that decision, the Court adjudicated all twelve of Petitioner's claims on the merits and denied the petition. Currently before the Court are Petitioner's motion for relief from judgment and an evidentiary hearing, motion to expedite the motion for relief from judgment, motion for summary judgment, motion for oral argument, and recent application for a writ of habeas corpus.

# I.

Petitioner filed his petition for habeas relief in this Court on June 11, 2008. ECF No. 1. The State moved for summary judgment on the ground that the petition was not filed within the one-year statute of limitations, 28 U.S.C. § 2244(d). ECF No. 9. The Court granted the State's motion and dismissed the petition as time-barred. ECF No. 19. Petitioner appealed the Court's opinion and judgment, and on February 10, 2011, the United States Court of Appeals for the Sixth Circuit vacated the Court's judgment and remanded the case to this Court for further proceedings. The Sixth Circuit stated in its order that the current record did not support the conclusion that Petitioner's habeas petition was time-barred and that equitable tolling might apply even if the State demonstrated that the limitations period had lapsed. ECF No. 27.

On remand, the Court appointed counsel for Petitioner and referred his case to the magistrate judge for an evidentiary hearing on Petitioner's eleventh claim, which alleged that Petitioner's trial attorneys failed to inform him of a plea offer. ECF No. 44. Following the evidentiary hearing, the Magistrate Judge recommended that the Court grant the writ of habeas corpus and give Petitioner an opportunity to accept the prosecution's offer to plead guilty to manslaughter with a sentence of five to fifteen years' incarceration. ECF No. 71.

The Court rejected the magistrate judge's report and recommendation and denied Petitioner's claim about his trial attorneys and the plea offer. ECF No. 74. In a subsequent opinion and order, the Court denied relief on Petitioner's remaining claims. ECF No. 80. The Court granted a certificate of appealability on Petitioner's first claim about the jury instructions and on his eleventh claim regarding his trial attorneys' handling of the alleged plea offer. ECF Nos. 80 and 93.

The Sixth Circuit affirmed this Court's denial of the habeas petition. The Sixth Circuit stated that Petitioner's claim about the jury instructions failed. As for Petitioner's eleventh claim regarding the prosecution's plea offer, the Sixth Circuit determined that Petitioner had procedurally defaulted the claim because he failed to present it to the state courts. The Sixth Circuit noted that Petitioner had presented his claim in state court as ineffective assistance due to his trial attorneys' failure to notify him of *the existence* of a valid plea offer. The Sixth Circuit stated that, after the federal evidentiary hearing, Petitioner presented his claim as ineffective assistance due to his trial attorneys' failure to communicate *his acceptance* of the plea offer. The Sixth Circuit concluded that, because Petitioner had not raised his federal claim in state court, his ineffective-assistance claim was procedurally defaulted. ECF No. 100.

Petitioner subsequently filed several motions (ECF Nos. 106, 107, 108, 110, 111, and 112), which the Court denied on April 12, 2016. In the same order the Court declined to issue a certificate of appealability. (ECF No. 113). Petitioner then applied for a certificate of appealability in the Sixth Circuit, which denied his application. ECF No. 120.

## II.

### A.

Now before the Court are Petitioner's motion for an evidentiary hearing and relief from judgment under Federal Rule of Civil Procedure 60(b)(4), his motion to expedite a ruling on his motion for relief from judgment, his motion for summary judgment, his motion for oral argument, and his application for a writ of habeas corpus to compel his attendance at an evidentiary hearing. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Relief under Rule 60(b) is the exception, not the

rule, and [courts] are guided by the constraints imposed by a 'public policy favoring finality of judgments and termination of litigation.'" *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (quoting *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)), *cert. denied*, 137 S. Ct. 2188 (2017).

Rule 60(b)(4), the particular provision under which Petitioner brings his dispositive motions, permits relief from judgment when the judgment is void. "'A void judgment is one which, from its inception, was a complete nullity and without legal effect.'" *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 327 (6th Cir. 2014) (quoting *Lubben v. Selective Service System Local Bd. No. 27,* 453 F.2d. 645, 649 (1st Cir. 1972)). "[N]othing short of a 'jurisdictional error' or 'a violation of due process' justifies relief under Rule 60(b)(4)." *Northeast Ohio Coalition for Homeless v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012) (quoting *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010)).

**B.**

Petitioner is not claiming that this Court lacked jurisdiction or deprived him of due process. Instead, each of his current motions argue that the Sixth Circuit Court of Appeals lacked jurisdiction to consider his ineffective-assistance-of-counsel claim following this Court's denial of Petitioner's habeas petition on the merits. Petitioner contends that no court issued a certificate of appealability, as required by 28 U.S.C. § 2253(c)(1), and, therefore, the Sixth Circuit had no authority to rule that his claim about trial counsel was procedurally defaulted. Petitioner seeks to have this Court vacate the Sixth Circuit's ruling on his claim about trial counsel.

Petitioner's argument is both factually and legally incorrect. Firstly, this Court did in fact grant a certificate of appealability on Petitioner's claim about trial counsel and the alleged plea agreement. *See* ECF Nos. 80 and 93. Secondly, the court of appeals has discretion to issue a

certificate of appealability even when the district judge does not. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). Most importantly, this Court has no authority to vacate the Sixth Circuit's order, and is bound by its decisions. *Timmreck v. United States*, 577 F.2d 372, 374 n. 6 (6th Cir. 1978), overruled on other grounds, 441 U.S. 780 (1979). The Court concludes that neither its judgment nor the Sixth Circuit's order are void, that the Sixth Circuit had jurisdiction to adjudicate Petitioner's claims, and that no violation of due process has occurred.

### III.

A certificate of appealability is necessary before a prisoner may appeal the denial of a Rule 60(b) motion. *Johnson v. Bell*, 605 F.3d 333, 336, 339 (6th Cir. 2010). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show that reasonable jurists could debate whether the issues could have been resolved differently or that the applicant's claims deserve further review. *Johnson*, 605 F.3d at 339 (citing *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003)).

Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find it debatable whether his motions could have been resolved differently or whether his arguments deserve further review. The Court, therefore, declines to grant a certificate of appealability. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner's motion for an evidentiary hearing and relief from judgment (ECF No.123), his motion to expedite a ruling on that motion (ECF No. 122), and his motion for summary judgment (ECF No. 124) are **DENIED**.

It is further **ORDERED** that Petitioner's application for a writ of habeas corpus to compel his appearance at an evidentiary hearing (ECF No. 125) and his motion for oral argument on his Rule 60(b)(4) motions (ECF No. 126) are **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 6, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 6, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager