UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL LEE AMBROSE,

      Petitioner,

                                     Case Number 08-12502
v.                                       Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

      Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [128], MOTION FOR SUMMARY JUDGMENT [130], APPLICATIONS FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT [132-133], AND MOTION FOR RECONSIDERATION [134]

Petitioner Samuel Ambrose was convicted of second-degree murder in 1979 and sentenced to life imprisonment. The Michigan Court of Appeals affirmed his conviction, and the Michigan Supreme Court denied leave to appeal in 1983. This Court ultimately adjudicated Petitioner's habeas claims on the merits and denied the petition. The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision, and several of Petitioner's post-judgment motions have been denied. Now before the Court are Petitioner's motion for appointment of counsel, motion for summary judgment, applications for leave to file a motion for summary judgment, and motion for reconsideration of the Court's order denying his prior Rule 60(b)(4) motion. For the reasons set forth below, the motions and applications are denied.

**I.**

Petitioner filed his petition for habeas relief in this Court on June 11, 2008. ECF No. 1. Respondent moved for summary judgment arguing that Petitioner did not file his petition within

the one-year statute of limitations, 28 U.S.C. § 2244(d). ECF No. 9. The Court granted Respondent's motion and dismissed the petition as time-barred. ECF No. 19. Petitioner appealed the Court's opinion and judgment. On February 10, 2011, the United States Court of Appeals for the Sixth Circuit vacated the Court's judgment and remanded the case to this Court for further proceedings. ECF No. 27.

On remand, the Court appointed counsel for Petitioner and referred his case to the magistrate judge for an evidentiary hearing on Petitioner's claim that his trial attorneys failed to inform him of a plea offer. ECF No. 44. Following the evidentiary hearing, the magistrate judge recommended that the Court grant the writ of habeas corpus and give Petitioner an opportunity to accept the prosecution's offer to plead guilty to manslaughter with a sentence of five to fifteen years in prison. ECF No. 71.

The Court rejected the magistrate judge's report and recommendation and denied Petitioner's claim that his trial attorneys had failed to inform him of an offer to plead guilty to manslaughter. ECF No. 74. In a subsequent opinion and order, the Court denied Petitioner's remaining claims. ECF No. 80. The Court granted a certificate of appealability on Petitioner's first claim regarding the jury instructions and on his eleventh claim regarding his trial attorneys' alleged failure to inform him of an offer to plead guilty. ECF Nos. 80 and 93.

The Sixth Circuit affirmed this Court's denial of the habeas petition. The Sixth Circuit found no merit in Petitioner's claim about the jury instructions, and it concluded that Petitioner had procedurally defaulted his claim about the prosecution's alleged plea offer by failing to present the same claim to the state courts. The Sixth Circuit noted that Petitioner raised his claim in the state courts as ineffective assistance due to his trial attorneys' failure to *notify* him of a plea offer, which was inconsistent with his federal ineffective assistance claim that counsel had failed to

*communicate his acceptance* of the plea offer to the prosecution. The Sixth Circuit also determined that there was no substantive merit in Petitioner's claim about the alleged plea offer. ECF No. 100.

Petitioner subsequently filed several post-judgment motions, which this Court denied (ECF No. 113), and the Sixth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. ECF No. 120. Petitioner then moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(4) (ECF Nos. 122–24) but the Court denied his motions on March 6, 2018. ECF No. 131. Now before the Court are several additional post-judgment motions and applications, which Petitioner filed earlier this year. ECF Nos. 128, 130, 132–34.

## II.

### A.

In his motion for appointment of counsel, Petitioner argues that due process and the interests of justice require the Court to appoint counsel to assist him with his Rule 60(b)(4) proceedings. Petitioner contends that he lacks the means to adequately investigate, prepare, or present claims to the Court and that appointment of counsel would benefit both him and the Court because counsel could identify areas of agreement and matters in dispute.

The Supreme Court has held that a prisoner's post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of

winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002).

Petitioner has not satisfied the burden of showing that appointment of counsel is warranted. This case is closed, and Petitioner's pending motion for relief from judgment repeats arguments that the Court has already addressed and rejected.

**B.**

Petitioner's motion for summary judgment, ECF No. 130, and his applications for leave to file a motion for summary judgment, ECF Nos. 132-133, seeks relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Petitioner contends that the Federal Court of Appeals for the Sixth Circuit erred on review of this Court's dispositive decision by addressing federal defender David Koelzer's claim that Petitioner's trial attorneys failed to communicate Petitioner's acceptance of the prosecution's plea offer. Petitioner argues that attorney Koelzer's claim was raised well beyond the one-year statute of limitations in habeas cases and that the Sixth Circuit lacked subject jurisdiction because no district or circuit court judge issued a certificate of appealability.

Federal Rule of Civil Procedure 60(b)(4) permits relief from a final judgment or order when the judgment is void. " ' A void judgment is one which, from its inception, was a complete nullity and without legal effect.' " *Gillispie v. Warden, Lond Corr. Inst.*, 771 F.3d 323, 327 (6th Cir. 2014) (emphasis omitted) (quoting *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d. 645, 649 (1st Cir. 1972)). "[N]othing short of a 'jurisdictional error' or 'a violation of due process' justifies relief under Rule 60(b)(4)." *Northeast Ohio Coalition for Homeless v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

As this Court pointed out in its previous order, Petitioner's contention that the Sixth Circuit lacked jurisdiction is meritless because this Court granted a certificate of appealability on Petitioner's claim about trial counsel and the prosecution's alleged plea offer. *See* ECF Nos. 80 and 93. Furthermore, this Court has no authority to vacate the Sixth Circuit's order. District courts in this Circuit are bound by the Sixth Circuit's pertinent decisions. *Timmreck v. United States*, 577 F.2d 372, 374 n. 6 (6th Cir. 1978), *overruled on other grounds*, 441 U.S. 780 (1979). Thus, Petitioner is not entitled to relief from judgment under Rule 60(b)(4).

## C.

In his motion for reconsideration (ECF No. 134) Petitioner contends that the Court did not address his motion for appointment of counsel (ECF No. 128) or his handwritten summary judgment motions dated February 14, 2018 (ECF No. 130) and March 5, 2018 (ECF Nos. 132-33) in its previous order (ECF No. 131). Petitioner also urges the Court to reconsider its decision denying him leave to proceed *in forma pauperis* on appeal.

A motion for reconsideration will be granted "if the moving party shows (1) a 'palpable defect,' (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dep't of Treasury v. Michalec*, 181 F. Supp.2d 731, 733 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)).

The Court did not receive Petitioner's applications dated March 5, 2018 (ECF Nos. 132-33) until after it entered its previous order, and the Court has addressed Petitioner's motion for appointment of counsel and motion for summary judgment (ECF Nos. 128 and 130) in this order. Furthermore, an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Accordingly, the

Court will deny reconsideration of its March 6, 2018 order denying petitioner's post-judgment motions.

## III.

A certificate of appealability is necessary before a prisoner may appeal the denial of a Rule 60(b) motion. *Johnson v. Bell*, 605 F.3d 333, 336, 339 (6th Cir. 2010). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show that reasonable jurists could debate whether the issues could have been resolved differently or that the applicant's claims deserve further review. *Johnson*, 605 F.3d at 339 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find it debatable whether Petitioner's motions and applications could have been resolved differently or whether his arguments deserve further review.

## IV.

Accordingly, it is **ORDERED** that Petitioner's motion for appointment of counsel, ECF No. 128, is **DENIED**.

It is further **ORDERED** that Petitioner's motion and applications for relief from judgment under Rule 60(b)(4), ECF Nos.130, 132–33, are **DENIED.**

It is further **ORDERED** that Petitioner's motion for reconsideration, ECF No. 134, is **DENIED**. Petitioner may apply to the Court of Appeals for permission to proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(5); *see Owens v. Keeling*, 461 F.3d 763, 773-76 (6th Cir. 2006).

It is further **ORDERED** that a certificate of appealability is **DENIED**.

                                                             s/Thomas L. Ludington  
                                                             THOMAS L. LUDINGTON  
                                                              United States District Judge

Dated: September 18, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 18, 2018.

                              s/Kelly Winslow  
                              KELLY WINSLOW, Case Manager